**UNITED STATES of America,**

v.

**Mustafa MAJEED, et al., Defendants.**

**No. 92 Cr. 530 (JES).**

United States District Court, S.D. New York.

Dec. 9, 1992.

Robert L. Herbst, New York City, for defendant Elmore.

Otto G. Obermaier, U.S. Atty. S.D.N.Y., New York City (Robert S. Khuzami, Robin E. Abrams, Asst. U.S. Attys., of counsel), for U.S.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Defendant Keith Elmore ("Elmore") moves for an order vacating the Court's prior order detaining him pending trial. After a July 1, 1992 bail hearing, Magistrate Judge Barbara A. Lee found that Elmore posed a danger to the community and ordered him detained. Elmore appealed Magistrate Judge Lee's detention order to this Court which, after a hearing on July 6, 1992, affirmed the prior order. Elmore subsequently made another motion to vacate the Court's detention order based on changed circumstances. On November 18, 1992, the Court held a hearing to determine whether a change of circumstances warranted vacating the detention order. For the reasons that follow, defendant's motion is denied.

## DISCUSSION

The Supreme Court has held that the Bail Reform Act of 1984 authorizing pretrial detention on the ground of dangerousness is not facially unconstitutional. *See United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Determinations as to whether pretrial detention violates due process turn on an analysis of three factors: (1) the nonspeculative length of the detention, (2) the extent of the government's responsibility for the delay in starting the trial, and (3) the facts concerning defendant's danger to the community. *See, e.g., United States v. Gonzales Claudio,* 806 F.2d 334, 340 (2d Cir. 1986).

In the instant case, the nonspeculative period of defendant's pretrial detention, including the length of the trial, is slightly in excess of ten months. Elmore relies on Judge Feinberg's concurring opinion in *United States v. Melendez–Carrion,* 790 F.2d 984 (2d Cir.1986), to support his argument that a due process challenge to pretrial detention arises after three months' incarceration. However, Judge Feinberg's opinion in fact states that due process should not be measured according to a bright line test, but, rather, on a case-by-case basis. *See also United States v. Salerno,* 794 F.2d 64, 78–79 (2d Cir.1986) (Feinberg, C.J., dissenting), *rev'd.,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Consistent with this analysis, the Second Circuit has upheld the constitutionality of pretrial detention in factual contexts involving comparable and indeed greater lengths than the ten months expected here. *See United States v. Jackson,* 823 F.2d 4 (2d Cir.1987); *United States v. Melendez–Carrion,* 820 F.2d 56 (2d Cir.1987); *United States v. Colombo,* 777 F.2d 96 (2d Cir. 1985) (no due process violation after seven month period of detention on ground of dangerousness and a speculative estimate of thirteen to twenty-four months' total detention).

Moreover, Elmore's detention is well justified by the threat that his release poses to the trial process. At the November 18 hearing, an alleged victim, James Maloney, testified that Elmore used threatening and violent tactics to extort money and, after his arrest, to intimidate Maloney and others into not testifying. Maloney recounted that, among other incidents, he was shot at when he did not pay all the money demanded by Elmore; he was hit with a bat by Elmore himself; and, after arrest, he was approached by an associate of Elmore's who threatened to shoot him and the workers who Maloney supervised. *See United States v. Melendez–Carrion, supra,* 790 F.2d 984, 1002 (2d Cir.1986); *United States v. Payden,* 768 F.2d 487, 490 (2d Cir.1985); 18 U.S.C. § 3142(f)(2)(B) (1988).

Finally, while the government bears some responsibility for the delay caused, it does not bear all. Trial of this matter had been originally scheduled for September 1, 1992. The government, for purposes of protecting the identities of victims of defendants's alleged crimes, was given until September 1 to turn over unredacted documents in compliance with defendants's discovery requests. As a result, the September 1 trial date was adjourned until December 14, 1992.

On November 9, 1992, over a month before the trial was scheduled to commence,

a superseding indictment added three new substantive counts against Elmore, but did not add any new defendants, new statutory charges, or expand the dates of the alleged conspiracy. Although the Court did not and does not believe that the superseding indictment was a sufficient reason to require the adjournment of the trial, nevertheless, upon defendants's request, the Court adjourned the trial date until April 5, 1993. Moreover, the Court offered to sever the new counts against Elmore which were added by the superseding indictment and to try the original counts on December 14, as originally planned. However, all defendants, apparently recognizing that it was to their advantage not to face a subsequent and separate trial on the new charges, elected to accept a trial of all charges on the adjourned date. Finally, the Court has made it clear that no further adjournment of this trial date will be granted and that the Court is likely to vacate the detention orders if the trial does not commence on that date.[1]

### CONCLUSION

For the reasons stated above, defendant's motion to vacate the Court's prior Order detaining him pending trial is denied.

It is SO ORDERED.

---

**1.** Defendant Elmore requested a transcript of Maloney's Grand Jury testimony, which is clearly not obtainable under Rule 16, since Maloney was called by the defendant and was not a government witness. *See* Fed.R.Crim.P. 16(a)(1)(D)(3); Fed.R.Crim.P. 26.2(a). Nevertheless, in the interest of justice, the Court has reviewed that testimony to determine if that testimony had such bearing on Maloney's credi-

bility as to require its disclosure as a matter of due process and fundamental fairness. Having done so, this Court finds no basis to make that testimony available to defendant at this time. The Court has ordered that transcript sealed so that the Court of Appeals can review the correctness of that determination should there be an appeal of this Order.